UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JENNIFER E. GRAHAM,

                              Plaintiff,

   v.                                            **DECISION AND ORDER**
                                                                   13-CV-940S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.

       1.      Plaintiff Jennifer E. Graham challenges an Administrative Law Judge's ("ALJ") decision, dated January 5, 2012, wherein the ALJ determined that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. She now contends that this determination is not based upon substantial evidence, and reversal is warranted.

       2.      Plaintiff protectively filed an application for a period of disability and disability insurance benefits on April 25, 2010, alleging disability beginning on December 31, 2007. The application was initially denied on July 9, 2010, and Plaintiff was granted a hearing on that denial. She testified before the ALJ on October 19, 2011. The ALJ issued a decision denying Plaintiff's application on January 5, 2012. The Appeals Council denied Plaintiff's request for review on July 22, 2013, rendering the ALJ's determination the final decision of the Commissioner. Plaintiff filed the instant action on September 19, 2013.

       3.      Plaintiff filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Defendant filed a Response. Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

       4.      A court reviewing a denial of disability benefits may not determine *de novo*

1

whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (internal quotation marks and citation omitted).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), *cert denied*, 459 U.S. 1212 (1983).

5. To determine whether the ALJ's findings are supported by substantial evidence, "a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act.  See 20 C.F.R. §

§ 404.1520. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

      7.      This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

      8.      While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460-61, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

      9.      In this case, the ALJ made the following findings with regard to the five-step

process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since December 31, 2007, the alleged onset date (R. 12),[1] (2) Plaintiff's depression, anxiety, post-traumatic stress disorder ("PTSD"), and bipolar disorder were severe impairments, and her right wrist pain, asthma, uterine fibroids, benign tumor of the breast, back pain, and headaches were not severe impairments (R. 12-13); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled a recognized disabling impairment under the regulations, namely Listings 12.04 and 12.06 (R. 13); (4) Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with certain non-exertional limitations (R. 14-18); and (5) although she could not perform any of her past relevant work, considering her age, education, work experience, and RFC, there were sufficient jobs in the national economy that she could perform, including housekeeper, mailroom clerk, and small products assembler. (R. 18-19.)

      10.    Plaintiff first contends that the ALJ's RFC determination is flawed because it fails to take into account all of the mental limitations and restrictions opined by State Agency consultant T. Andrews. (Pl.'s Mem. of Law at 11, citing R. 313.)

      11.    In assessing a claimant's RFC, the ALJ must consider all of the relevant medical and other evidence in the case record to assess the claimant's ability to meet the physical, mental, sensory, and other requirements of work. 20 C.F.R. § 404.1545(a)(3)-(4); see also SSR 96-8p, 1996 WL 374184 (S.S.A. July 2, 1996). Here, after considering the entire record, the ALJ determined that Plaintiff had the RFC "to perform a full range of work at all exertional levels but with the following non-exertional limitations: [t]he claimant is

---

[1] Citations to the underlying administrative record are designated as "R."

limited to low contact, low stress work environments." (R. 14.) As the ALJ discussed, his mental RFC finding was supported by the opinions of consultative examiner Renee Baskin, Ph.D. and State Agency consultant T. Andrews. (R. 18, citing 288-292, 299-312.)

Specifically, Dr. Baskin performed an adult psychiatric evaluation of Plaintiff in June 2010 and assessed that Plaintiff had minimal to no limitation in the ability to follow and understand simple directions and instructions, perform simple tasks independently, maintain attention and concentration, maintain a regular schedule, learn new tasks, perform complex tasks, make appropriate decisions, and relate adequately with others. She assessed further that Plaintiff had moderate limitations in dealing with stress. (R. 16-17, 291.)

Similarly, State Agency consultant Andrews completed a Mental Residual Functional Capacity Assessment ("MRFCA") form in July 2010 and opined that Plaintiff had no significant limitations in understanding, remembering and carrying out very short and simple instructions, maintaining attention and concentration for an extended period, sustaining an ordinary routine, and making simple work-related decisions. Andrews also opined that Plaintiff could complete a normal work-day and work-week without psychological interruptions, and that she had no significant limitations in responding appropriately to changes in the work setting. (R. 18, 313-314.).

As the ALJ noted (R. 18.), the opinions of Baskin and Andrews were consistent with the other evidence in the record that showed, overall, that Plaintiff's mental conditions resulted in mild to moderate functional limitations, but that they did not prevent him from performing work altogether. Specifically, Plaintiff's mental health treatment records show that Plaintiff was initially assessed a Global Assessment Functioning ("GAF") score of 45

in June 2010, followed by a score of 55 in July 2010, and a score of $60^2$ in January 2011. (R. 18, 348-424). Additionally, mental health treatment notes from July 2010 to July 2011 reflect that Plaintiff's mental condition, overall, was stable, that she was compliant with her medications, and that she reported that she was progressing slowly. (R. 18, 491-527.) As the ALJ also noted (R. 18.), the opinions of Baskin and Andrews were also consistent with her reported daily activities, which included taking care of her dogs, making her own simple meals, doing the dishes and some laundry, taking her medications without reminders, keeping track of her appointments, that she reads, watches tv, and that she socializes with friends at her home. (R. 18, 60-64.) Indeed, the opinions of consultative physicians and State agency consultants can constitute substantial evidence where, as here, they are consistent with the other evidence in the record. See Diaz v. Shalala, 59 F.3d 307, 315 (2d Cir. 1995); see also Mongeur v. Heckler, 722 F.2d 1033, 1039 (2d Cir. 1983).

Nonetheless, Plaintiff maintains that the ALJ's RFC determination is flawed because it does not account for all of the limitations opined by State Agency consultant Andrews in his July 2010 assessment, namely that Plaintiff was moderately limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. (Pl's Mem. of Law at 11, citing R. 313.) Plaintiff claims that "[t]he incorporation of the entire [Andrews] opinion into the RFC would no doubt adversely impact the [P]laintiff's ability to sustain full-time work activity...." (Pl.'s Mem. of Law at 11). The Court finds this argument unavailing because the record shows that while Andrews checked off the "moderately limited" boxes in each of the aforementioned areas on his

---

[2] A GAF is a scale from 0 to 100 that may be used to report a clinician's judgment of an individual's overall symptom severity and the level of his or her functioning. A GAF score of 51–60 indicates a person with moderate symptoms or moderate difficulty in social, occupational or school functioning. See Diagnostic and Statistical Manual of Mental Disorders ("DSM") IV–TR, at 34 (4th ed., rev. 2000).

standard MRFCA form, he ultimately assessed that "the functional limitations do not preclude [substantial gainful activity], engaged in a low stress environment." (R. 311.) Andrews's overall conclusion, therefore, was consistent with the other evidence in the record (as discussed above), which showed that while Plaintiff's mental impairments resulted in some non-exertional limitations, they did not prevent her from working altogether.

12.   Plaintiff also argues that the ALJ failed to properly assess her subjective complaints of pain and related symptoms.  Specifically, she claims that the ALJ should have afforded her testimony greater weight given the alleged consistency of her statements. (Pl's Mem of Law at 13-16.)  Relatedly, Plaintiff argues that the ALJ erred by failing to explicitly address each of the factors required by 20 C.F.R. § 404.1529(c) and SSR 96-7P when assessing her credibility. (Pl's Mem of Law at 16-17.)

13.   As an initial matter, "[w]hen, as here, the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983).  Moreover, while the ALJ is required to consider all relevant evidence, 20 C.F.R. § 416.945(a)(1), he is not required to "specifically address each piece of evidence in his decision." Jones v. Barnhart, No. 04-CV-2772, 2004 WL 3158536, at *6 (E.D.N.Y. Feb. 3, 2005).  Nor does the ALJ not need to resolve every conflict in the record. Rockwood v. Astrue, 614 F. Supp. 2d 252, 282 (N.D.N.Y. 2009) (citing Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir.1984)).  Thus, to the extent Plaintiff argues that the ALJ's credibility assessment is flawed because the ALJ failed to consider the particular ways in which her statements were consistent, the Court finds this argument

meritless. The ALJ was not obligated to address all of Plaintiff's statements and/or every portion of her testimony, including any particular statements or portions that may have been consistent either internally or with her reports to her medical providers.

Furthermore, the ALJ's substantive credibility determination is free from error and is supported by substantial evidence. In assessing a claimant's credibility on the intensity and persistence of her impairments, an ALJ will consider factors such as (i) plaintiff's daily activities; (ii) location, duration, frequency, and intensity of pain and symptoms; (iii) precipitating and aggravating factors; (iv) type, dosage, effectiveness and side effects of any medications taken to alleviate the pain and symptoms; (v) treatment other than medication; (vi) any measures used to relieve the pain or other symptoms; and (vii) other factors concerning functional limitations and restrictions due to pain and symptoms. 20 C.F.R. § 404.1529(c)(3); see also SSR 96-7p, 1996 WL 374186 (1996). However, "[f]ailure to expressly consider every factor set forth in the regulations is not grounds for remand where the reasons for the ALJ's determination of credibility are 'sufficiently specific to conclude that he considered the entire evidentiary record in arriving at his determination.'" Wischoff v. Astrue, No. 08-CV-6367, 2010 WL 1543849, at *7 (W.D.N.Y. Apr. 16, 2010) (quoting Delk v. Astrue, No. 07-CV-167-JTC, 2009 WL 656319, at *4 (W.D.N.Y. Mar. 11, 2009)).

Here, the ALJ determined that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible to the extent they were inconsistent with the medical record as a whole and with Plaintiff's activities of daily living. (R. 15-16, 18). In arriving at this determination, the ALJ first discussed Plaintiff's statements made on a May 24, 2010 function report in which she identified a number of debilitating symptoms resulting from her physical and mental impairments. He

also summarized, in detail, her hearing testimony. (R. 15.) The ALJ noted that while Plaintiff reported that her physical and mental issues made it difficult for her to complete day-to-day household chores and activities, she also testified that she took care of her dog and her friend's dog (from time to time), was able to make her own simple meals, do the dishes and laundry (to some extent), read, watched tv, and that she socialized with friends. (R. 15, 60-64.)

The ALJ also discussed Plaintiff's medications and the side effects thereof. (R. 15-18). Contrary to Plaintiff's contention, the ALJ acknowledged that Plaintiff experienced weight gain and had trouble focusing while taking Lithium. (Pl's Mem of Law at 18; R. 15.) However, the ALJ also noted that Plaintiff testified at the hearing that she was able to focus better since starting new medication. (R. 15, 51.)

The ALJ also extensively discussed Plaintiff's mental health treatment history (R. 15-18.), pointing out that she had received partial hospitalization in June 2010 (which included individual and group therapy) but that she was discharged the following month. (R. 17, 348-424). Treatment notes from the period following her discharge show that Plaintiff's condition improved with medication and that she was generally stable. (R. 17, 348-424, 491-527). Further, the ALJ discussed Plaintiff's physical health history related to her back pain and right wrist pain. The ALJ noted that Plaintiff had received physical therapy for her back pain, which had helped, and that she was not prescribed medication for said pain. With respect to Plaintiff's wrist pain, the ALJ noted that Plaintiff had no treatment since 2001-2002 and that she did not take any medication for it. (R. 15, 59-60.)

Additionally, the ALJ considered that Plaintiff had applied for and received unemployment benefits up until the first quarter of 2010, and that she filed for disability benefits shortly thereafter alleging an onset date of December 31, 2007. (R. 18, 142-151.)

As the ALJ noted, this was inconsistent with her claim for total disability to the extent that she certified she was ready, able, and willing to work during the period she received unemployment benefits. See Jackson v. Astrue, 2009 WL 3764221, at *8 (N.D.N.Y. Nov. 10, 2009) (citing cases) (noting the apparent inconsistency with holding yourself out as ready to work for unemployment insurance while simultaneously declaring, for social security disability insurance purposes, that you cannot work).

In sum, the ALJ's credibility assessment is sufficiently specific to make clear to a reviewing court, and to Plaintiff the reasons for the weight given to her subjective complaints of pain and related symptoms. Based on the above observations, the ALJ reasonably determined that Plaintiff's statements were not entirely credible. Accordingly, the Court finds that the ALJ's credibility assessment is free from error and is supported by substantial evidence.

14. For the foregoing reasons, and upon a review of the record as a whole, the Court concludes that the ALJ's determination is supported by substantial evidence. Plaintiff's Motion for Judgment on the Pleadings is denied and the Complaint is dismissed.

****

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 6) is DENIED;

FURTHER, that the Complaint (Docket No. 1) is dismissed;

FURTHER, that the Clerk of the Court is directed to take the necessary steps to

close this case.

SO ORDERED.


Dated: October 28, 2014
       Buffalo, New York

                                             /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                                 Chief Judge
                                          United States District Court